UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, an employee )
benefit plan, and BRANDON FLINN, DANNY )
JENKINS, GARY ELLIOTT, DON WILLEY )
BRADLEY GRANT, DAVID GILLICK, NORMAN )
MERLO, JAY SCHULTEHENRICH, COREY BLACK, )
and MICHAEL LUTZ Trustees of the )
Greater St. Louis Construction Laborers Welfare Fund, )
and CONSTRUCTION LABORERS PENSION )
TRUST OF GREATER ST. LOUIS, an employee )
benefit plan, and, JEFFREY O'CONNELL, RICHARD ) Case No. 4:17-cv-1983
MCLAUGHLIN, BRANDON FLINN, GARY )
ELLIOTT, DON WILLEY, RICK CASSON, LOU )
GRASSE, WILLIAM LUTH, DOUG WACHSNICHT, )
DAVID GILLICK, JOSEPH LERITZ, JOE )
HOETTE, Trustees of the Construction Laborers )
Pension Trust of Greater St. Louis, and )
ST. LOUIS VACATION FUND – )
VACATION PLAN, an employee benefit plan, and )
GARY ELLIOTT, BRANDON FLINN, JAY )
SCHULTEHENRICH, NORMAN MERLO and )
WILLIAM LUTH, Trustees of the St. Louis Vacation )
Fund – Vacation Plan, and AGC-EASTERN )
MISSOURI LABORERS' JOINT TRAINING FUND, )
an employee benefit plan, and PATRICK R. PRYOR, )
DON WILLEY, PERRI PRYOR, GARY ELLIOTT )
RICHARD McGUIRE, BRANDON FLINN, JOHN )
B. MORGAN, PHIL HOCHER, ROBERT J. )
WESOLICH, JOE SCARFINO, CLIFF LAND, )
and JOHN J. SMITH, JR., Trustees of the AGC-Eastern )
Missouri Laborers' Joint Training Fund, )
)
     Plaintiffs, )
)
v. )
)
NEW VISION CONTRACTING, LLC., )
    Defendant. )
)

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.      Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Raymond Linehan, Pasquale LoPiccolo, Charles Bean, Donald Willey, Gary Elliott, Jay Schulthenrich, David Gillick, Brad Grant, Rich Ledbetter, Adam Knoebel, and Norman Merlo, and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.      Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Pasquale LoPiccolo, Charles Bean, Donald Willey, Gary Elliott, Joseph W. Beetz, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and Donald Grant, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.      Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Jay Schultehenrich, Normal Merlo, Pasquale LoPiccolo, and William L. Luth are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4.      Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Larry Bloomer, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, John B. Morgan, Phil Hocher, Robert J. Wesolich, Francis R. Wojehowski, Cliff Land, and John J. Smith, Sr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5.      Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

3

6.   Defendant New Vision Contracting is a Missouri limited liability company that conducts business within this judicial district.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7.   This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendant.

8.   At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly payments to the employee benefit funds in specified amounts and the submission of monthly report forms.  That collective bargaining agreement and the plans adopted by the Trustees of the employee benefit funds also provide that the Trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

9.   Despite repeated requests, defendant has failed and refused to submit monthly report forms for the periods of April 1, 2017 through April 30, 2017, and May 1, 2017 through May 31, 2017.

10. It is impossible to determine the amount of contributions owed absent a financial examination.

11. Defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions.

12. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

1. For an interlocutory order requiring defendant to submit reports for the period of April 1, 2017 to date and pay all contributions and liquidated damages owed thereon;

2. For an interlocutory order requiring defendant to submit to an audit from the date of the last audit to date;

3. For an order requiring defendant to make payments in the future to the employee benefit funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

4. For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

5. For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet Avenue, Suite 200
St. Louis, Missouri  63105
Phone: (314) 727-1015
Fax:    (314) 727-6804


/s/ Sherrie Hall
SHERRIE A. Hall, #40949
Attorneys for Plaintiffs


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220, this July 17, 2017.


/s/ Sherrie Hall